IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| O'LILLIAN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | 1:15-CV-03232-MHC-CMS |
| | ) | |
| METROPOLITAN     ATLANTA | ) | |
| RAPID TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Metropolitan Atlanta Rapid Transit Authority ("MARTA") and submits this Memorandum of Law in Support of Defendant's Motion for Summary Judgment, showing this Honorable Court that Plaintiff's case is due to be dismissed in its entirety, as follows:

## INTRODUCTION

Plaintiff brings this civil action against her former employer, Metropolitan Atlanta Rapid Transit Authority ("MARTA"), alleging that she was subjected to discrimination on the basis of her gender (Counts I and II) and age (Count III), retaliation (Count IV), and interference and retaliation with respect to her exercise of FMLA rights (Counts V and VI).

Plaintiff's claims fail as a matter of law for three primary reasons:

First, Plaintiff's claims are time-barred. Because the alleged conduct forming the purported basis of Plaintiff's Title VII claims occurred outside of the 1800-day window pre-dating Plaintiff's EEOC charge, these claims are not actionable under Title VII. Likewise, Plaintiff's FMLA claims dating back to 2011 and 2012 are also untimely and not properly within the purview of the Court.

Second, Plaintiff cannot meet her burden of establishing each of the essential elements of her claims. Importantly, Plaintiff has not been subjected to any adverse action which might give rise to this lawsuit. Instead, she voluntarily chose to retire in or about November 2014. Neither can Plaintiff show that any person outside of her protected class was treated more favorably than she was. As it relates to her use of FMLA, there is no evidence that MARTA denied any benefit to which Plaintiff was entitled, or interfered with or retaliated against Plaintiff as a result of her protected activity. To the contrary, the evidence shows that Plaintiff's superiors and HR personnel made repeated efforts to accommodate the Plaintiff's needs within the confines of MARTA's policies, rules, and all applicable regulations.

Third, Defendant MARTA squarely denies each of Plaintiff's allegations, and even construing the documents, affidavits, and other evidence in the record in

a light most favorable to the Plaintiff, there is insufficient evidence, much less any convincing mosaic of circumstantial evidence, upon which a rational trier of fact could perceivably conclude that MARTA's legitimate reasons for any of its employment actions or decisions regarding Plaintiff amount to pretext, or that MARTA was actually motivated by some discriminatory or retaliatory animus or motive.

For each of the foregoing reasons, and those discussed in greater detail below, and because that the material facts at issue in this case remain largely undisputed, Defendant MARTA is entitled to summary judgment as a matter of law.  MARTA therefore respectfully requests that this Court *grant* Defendant's Motion for Summary Judgment, and dismiss Plaintiff's case in its entirety, with prejudice.

## BRIEF OVERVIEW OF RELEVANT FACTS[1]

I.    *Plaintiff's Employment History at MARTA.*

Plaintiff began her employment at MARTA as a transit police officer, effective November 14, 2004.[2]  She was thereafter promoted to Sr. Transit Police Officer in or about November 2006.[3]  Plaintiff held the position of Sr. Transit

---

[1] In support of its Motion for Summay Judgment and Brief in Support, MARTA incorporates herein and relies upon as if fully stated herein, its Statement of Material Facts, filed concurrently herewith.
[2] *See*, Complaint [Doc. 1], ¶ 16; Exhibit 28 - Offer of Temporary Employment Letter; Dunham Affidavit, ¶ 4.
[3] Dunham Affidavit, ¶ 4.

Police Officer until she retired, effective December 1, 2014.[4]  Plaintiff held this position until she retired in November 2014.[5]   Despite Plaintiff's claims of discrimination and retaliation, Plaintiff received regular raises each year, and, notwithstanding her routine use of FMLA leave, was always given satisfactory evaluations as it relates to her attendance.[6]

II.   *Facts Related to Plaintiff's Retirement.*

Dunham testified that on or about November 1, 2014, Baker's then chain of command, Major Shavers, advised her that she had received a letter of resignation from Officer Baker.  *See*, Defendant MARTA MSJ Exhibit 9 – Baker Resignation Letter, dated 11/1/14; Dunham Affidavit ¶ 5.  Dunham testified further that Baker at no time indicated she was retiring because she felt she was being discriminated against on the basis of her age, gender, or use of FMLA.  Dunham Affidavit, ¶ 31; Defendant MARTA MSJ Exhibit 10.  Baker's Exit interview forms make no mention of discriminatory or retaliatory treatment. *See*, Defendant MARTA MSJ Exhibit 10 – Baker Termination Records.

III.   *Facts Related to Plaintiff's Use of FMLA Leave.*

Baler routinely was approved for FMLA leave.  Baker asserts that on two instances, Baker was denied an application for leave, however in both instances,

---

[4] Dunham Affidavit, ¶ 4.
[5] *See*, Defendant MARTA MSJ Exhibit 10.
[6] Dunham Affidavit, ¶ 13, 14; Exhibit 8.

her leave was thereafter approved.  *See*, <u>Defendant MARTA MSJ Exhibit 26 – EEOC Charge</u>

## ARGUMENT AND CITATION OF AUTHORITY

### I.    Summary Judgment Standard.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Rule 56 "mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every element* essential to that party's case on which that party will bear the burden of proof at trial." <u>Merritt v. Hub Intern. Southwest Agency Ltd.</u>, 2011 WL 4026651, 4 (N.D.Ga., 2011), *citing* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (emphasis added). "In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* (internal citations omitted).  Importantly, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."   <u>Boex v. OFS Fitel, LLC</u>, 339 F. Supp. 2d.

1352, 1360 (N.D. Ga 2004), *citing* Trotter v. Board of Trustees of the Univ. of Ala., 91 F.3d 1449, 1455 (11th Cir. 1996).

In the face of a properly supported motion for summary judgment, a plaintiff must "go beyond the pleadings" and introduce competent evidence in the form of affidavits, depositions, admissions and the like, establishing "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. A plaintiff cannot rest upon mere allegations to get to a jury without "any significant probative evidence tending to support the complaint." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 106 S.Ct. 2505 (1986), *citing* First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968); *see also* Wood v. City of Lakeland, FL, 203 F.3d 1288, 1292 (11th Cir. 2000) ("The plaintiff opposing summary judgment has the burden of showing that a genuine dispute on a material issue of fact exists, and conclusory allegations or evidence setting forth legal conclusions are insufficient to meet that burden."). However, a "dispute" as to any fact is not *genuine* if it is not supported by evidence or if it is supported by evidence that is "merely colorable" or "not significantly probative" of the fact at issue. Boex v. OFS Fitel, LLC, 339 F. Supp. 2d. 1352, 1359 (N.D. Ga 2004),

*citing* <u>Dickson v. Amoco Performance Prods.</u>, 845 F. Supp. 1565, 1568 (N.D. Ga. 1994).

In an employment case, such as the case at bar, "the plaintiff must produce sufficient evidence to support an inference that the defendant-employer based its employment decision on an illegal criterion." <u>Benson v. Tocco, Inc</u>., 113 F.3d 1203, 1207 (11th Cir. 1997).  Summary judgment in favor of the defendant is required unless the plaintiff introduces sufficient evidence to allow a fact finder to disbelieve each of the employer's proffered explanations for its actions.  <u>Id</u>., *citing* <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519, 1532 (11th Cir. 1997), *cert. denied*, 522 U.S. 1045, 118 S.Ct. 685, 139 L.Ed.2d 632 (1998).

Because Plaintiff cannot establish each element of her prima facie claims of discrimination, retaliation, and FMLA interference and retaliation, and because Plaintiff cannot show that any genuine dispute as to any material fact exists, her case necessarily fails and summary judgment is due to be granted in favor of MARTA.

## II.   Plaintiff's Claims of Discriminatory or Retaliatory Acts Which Were Not Included in a Timely Filed EEOC Charge are Time-Barred and Not Actionable.

In support of her claims, Plaintiff seeks to rely on allegations dating back to 2007; however the record shows that Plaintiff's EEOC charge was filed on January 26, 2015.[7]   Under the charge-filing requirement of Title VII, discrete discriminatory acts are not actionable under Title VII if they occurred more than 180 days before Plaintiff filed her charge with the EEOC.   Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072, 153 L. Ed. 2d 106 (2002).   Plaintiff's claims are thus time-barred as to any purported acts of discrimination or retaliation occurring prior to July 31, 2014.

Further, even those purported acts which fall within the 180-day time period, but which were not included in Plaintiff's Charge are likewise barred.   Notably, Plaintiff's charge of discrimination lists and identified four discrete acts which she contends amount to discrimination or retaliation; these are limited to: (1) Sgt. Meadows September 2007 recording of Baker as AWOL; (2) Sgt. Meadows January 2009 recording of Baker as AWOL; (3) a June 2014 denial of leave, followed by approval of same; and (4) a September 2014 denial of FMLA leave which, again, was subsequently approved as requested.

---

[7] Exhibit 26 – EEOC Charge.

To the extent Plaintiff now claims or seeks to rely upon alleged acts of discrimination or retaliation other than those four discrete acts identified above, those claims are not properly within the purview of the Court because Plaintiff has failed to file a charge as to each such alleged discrete act of discrimination. *Id*.  For example, Plaintiff's allegations regarding the purported conduct of Chief Dunham, Major Easterling, Lieutenant Williams, or Sergeant Dye should be barred because Baker's claims of discrimination and retaliation, as set forth in her charge, were limited to the actions of Sgt. Meadows and, presumably, the benefits officers who initially denied her FMLA leave requests.  None of the actions set forth in Plaintiff's complaint as against Dunham, Easterling, Williams, and Dye can reasonably be said to be related to or flow from the complained of conduct in Baker's EEOC Charge.  Moreover, all but one of those four discrete acts referenced in the charge should be deemed untimely.

**III.   Plaintiff's Claims of FMLA Violations Occurring Prior to September 2013 are Time-Barred.**

Plaintiff's purported FMLA claims are subject to a two (2) year limitations period.   29 U.S.C. § 2617(c)(1).   Upon a showing of willful violation, the limitations period may be extended to three (3) years. 29 U.S.C. § 2617(c)(2). However, there is no basis upon which to conclude that MARTA's actions or

decisions as it relates to Plaintiff's FMLA leave constitute willful violations, therefore the 2 year prescriptive period applies.  Accordingly, because Plaintiff filed the instant complaint on September 15, 2015, any and all claims of any purported FMLA violations occurring prior to September 15, 2013 are untimely and should be dismissed as a matter of law.

**IV.    Plaintiff's Cannot Establish a Prima Facie Case of Discrimination.**

To establish a prima face case of discrimination in the context of a disparate treatment or adverse action claim, the Plaintiff must show: (1) she was a member of the protected age group; (2) she was subject to an adverse employment action; (3) a person outside of her protected class filled her position; and (4) she was qualified for the job.  *See*, Equal Employment Opportunity Comm'n v. Darden Restaurants, Inc, No. 15-20561-CIV, 2015 WL 6865735, at *4 (S.D. Fla. Nov. 9, 2015).  In the alternative, Plaintiff may show that a similarly-situated person outside of her protected class was treated more favorably than she was.

For purposes of this analysis, MARTA concedes that Plaintiff can establish she was a member of the protected age group, or a protected class, she is female. However, Plaintiff's claims necessarily fail because she cannot establish that she was subjected to any adverse employment action, and she cannot establish that any

similarly-situated person outside of her protected class was treated more favorably than she was.

First, there is no evidence that Baker was subjected to any adverse employment action whatsoever.  The record is devoid of any such indication. Instead the uncontroverted evidence shows that Plaintiff voluntarily retired.[8]

Second, as discussed above, any causes of action purportedly giving rise to Plaintiff's claims are time-barred.  In support of her disparate treatment claim, Plaintiff alleges that in 2012 she was required to undergo a more invasive return-to-work assessment than her younger male coworkers.  [Doc 1, ¶ 26-29, 49].  Thus the complained of conduct falls outside of the actionable time-period and is time-barred. Even if it were not barred, however, this allegation remains insufficient to substantiate Plaintiff's claim.

To support her claim, Plaintiff has alleged that a fellow officer (Frazier) returned to work and was subject to less invasive testing.[9]  The record shows however, that Frazier was not subject to the same assessment that Baker was subjected to because he was not absent from duty 90 days or longer, as was

---

[8] Exhibit 9 – Baker's Resignation Letter; Exhibit 10 – Baker's Termination Documents.
[9] Easterling Affidavit, ¶ 17, Exhibit 19.

Baker.[10]  Accordingly, Frazier cannot be deemed to have been similarly situated to Baker in all relevant aspects.

Second, Plaintiff cannot establish that a person outside of her protected class filled her position. Rather, Dunham testified that since Plaintiff's departure, MARTA has hired at least twelve (12) officers over the age of 50, including three (3) officers age 58 or older.[11]  Likewise, Plaintiff cannot establish that she was replaced by a male candidate. Since her departure, MARTA has hired twelve female officers.[12]  Further, each of the purported "decision-makers" that Plaintiff complains about, fall within the same protected age and gender groups that Baker is in (Dunham, age 54; Easterling, age 53; Rivera, age 50)

Further, to establish a disparate-treatment claim under the ADEA, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision. Castro v. Sch. Bd. of Manatee Cty., Fla., 903 F. Supp. 2d 1290, 1299 (M.D. Fla. 2012).  That evidence simply does not exist in the record. There is not a single shred of evidence in the record which proves that Baker's age was the 'but-for' cause of any employment decision relating to her; let alone one that qualifies as an adverse employment decision.  Since Plaintiff cannot satisfy each of the essential

---

[10] Dunham Affidavit, ¶ 24-28; Exhibit 17, 18, 19, 20.
[11] Dunham Affidavit, ¶ 35, 36.
[12] Dunham Affidavit, ¶ 37.

elements of her discrimination claim, this claim is due to be dismissed as a matter of law.

## V.    Plaintiff Cannot Establish a Prima Facie Case of Retaliation.

To establish a prima facie case of retaliation, Plaintiff must prove: (1) that she participated in an activity protected by Title VII; (2) that she suffered an adverse employment action; and (3) that there is a causal connection between the participation in the protected activity and the adverse employment action.  Gupta v. Florida Board of Regents, 212 F.3d 571, 587 (11th Cir. 2000); Weeks v. Harden Mfg., 291 F.3d 1307, 1311-1312 (11th Cir. 2002).

As discussed above, there is no evidence that Plaintiff was subject to an adverse employment action, therefore her claim fails on that basis alone.  There is also insufficient evidence to show that Baker engaged in any protected activity. While the record shows that Plaintiff has lodged complaints against her various superiors in the past (many of which fall outside of the applicable time period), with the exception of Baker's February 2013 complaint against Easterling, there is no indication in the record that Baker ever actually intended to oppose any conduct protected under Title VII.  Since, even construing the evidence in a light most favorable to Plaintiff, there is no reasonable basis upon which a factfinder would conclude that Easterling's December 2012 memorandum, responding to Baker's

allegations concerning Frazier's return to work (which Baker herself insists was not intended to be a complaint)[13] amounts to retaliation, this claim fails as a matter of law.

## VI.    Plaintiff Cannot Establish Pretext

Even if Plaintiff's alleged conduct at issue were not time barred, and even assuming, arguendo, that Plaintiff could make out a prima facie case of discrimination or retaliation (which she cannot), Plaintiff's claims are due to be dismissed because MARTA has set forth reasonable and legitimate reasons for each of its employment actions relating to Baker, and Plaintiff has not, and cannot, show that MARTA's justifications amount to pretext.

Under the burden-shifting framework of McDonnell Douglas, if a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087-88 (11th Cir. 2004); *citing* Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002); Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997).  This burden is exceedingly low.  The employer "need not persuade the court that it was actually motivated by the proffered reasons." *Id*., *citing* Texas Department of Comm. Affairs v. Burdine, 450 U.S. 248, 254-55, 101

---

[13] See, Exhibit 5 – Baker's DEO Complaint and Findings.

S.Ct. 1089 (1981).   Rather, if the employer satisfies its burden by articulating one or more reasons, then the presumption of discrimination is rebutted, and the burden of production shifts back to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination. *Id.*  If the proffered reason is one that *might* motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it. *Id.*, citing <u>Chapman v. AI Transport</u>, 229 F.3d 1012, 1030 (11th Cir. 2000) (emphasis added). Quarreling with that reason is not sufficient. *See id.*

Here, Plaintiff has not identified any actionable adverse actions to support her claim.  Notwithstanding the foregoing however, MARTA has set forth reasonable and legitimate basis for each of its employment-based decisions relating to Plaintiff, including but not limited to any disciplinary actions previously undertaken, Plaintiff's return-to-work assessment, Easterling written memorandum to Baker concerning the same, and any of Plaintiff's FMLA leave denials (to the extent applicable).

The Eleventh Circuit has held that where an employer has met its burden of articulating a legitimate, nondiscriminatory reason for its action, the plaintiff cannot prove pretext by making bald assertions.  <u>Wilson v. B/E Aerospace, Inc.</u>, 376 F.3d 1079, 1090 (11th Cir. 2004).  Instead, she must adduce evidence of

discrepancies as to the reasons set forth by the employer that are "so apparent as virtually to jump off the page and slap you in the face."  *Id*., *citing* <u>Cofield v. Goldkist, Inc.</u>*,* 267 F.3d 1264, 1268 (11th Cir. 2001).  For the discrepancies to "jump off the page and slap you in the face," they must be of such weight and significance that no reasonable person could conclude otherwise.  *Id.*, *citing* <u>Lee v. GTE Florida Inc.</u>*,* 226 F.3d 1249, 1254 (11th Cir. 2000).   In the instant matter, Plaintiff has made no such showing upon which a reasonable fact-finder could conclude that MARTA's proffered reasons for terminating Plaintiff amount to pretext, or that MARTA was instead motivated by some discriminatory or retaliatory animus.  Accordingly, Defendant MARTA is entitled to judgment as a matter of law as to each of Plaintiff's discrimination and retaliation claims as a matter of law.

**VII.   Plaintiff's FMLA Retaliation Claim Fails as a Matter of Law Because Plaintiff Cannot Establish a Prima Facie Case of Retaliation.**

   When a plaintiff asserts a claim of retaliation under the FMLA, in the absence of direct evidence of the employer's intent, courts apply the same burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). <u>Strickland v. Water</u>

Works & Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001),
citing Brungart v. BellSouth Telecomm. Inc., 231 F.3d 791, 798 (11th Cir.2000).

Thus, in order to establish a claim of FMLA retaliation, plaintiff must show:
(1) that she engaged in a statutorily protected activity; (2) that she suffered an
adverse employment action; and (3) that the decision was causally related to the
protected activity.  Id., citing Parris v. Miami Herald Publ'g Co., 216 F.3d 1298,
1301 (11th Cir.2000).

Plaintiff's FMLA retaliation claim cannot survive summary judgment
because Plaintiff again cannot show or establish each of these necessary elements –
namely, Plaintiff cannot show that she suffered any adverse employment action, or
that any such adverse action was causally related to her use of FMLA leave.

The record shows MARTA's reasonable efforts to assist Plaintiff with
respect to her exercise of her FMLA rights.  Specifically, Dunham testified that
Plaintiff's superiors worked together with the Benefits office to try to resolve any
coding issues or other issues in an effort to resolve Baker's leave requests.[14]
Further, on at least two occasions where Baker's leave request was initially denied,
Baker admits that the Benefits office ultimately worked the issues out so that

---

[14] Dunham Affidavit, ¶ 19. Exhibit 12, 29.

Baker's leave requests could be approved.  Based on the foregoing, Plaintiff's

FMLA retaliation claim fails.

## VIII.  Plaintiff's FMLA Interference Claim Fails as a Matter of Law Because Plaintiff Cannot Establish that She Was Denied any Benefit.

To establish an employer's interference with a substantive right, an

employee must demonstrate by a preponderance of the evidence that she was

entitled to the benefit denied. Strickland v. Water Works & Sewer Bd. of City of

Birmingham, 239 F.3d 1199, 1206-07 (11th Cir. 2001), *citing* O'Connor v. PCA

Family Health Plan, Inc., 200 F.3d 1349, 1353–54 (11th Cir.2000); King v.

Preferred Technical Group, 166 F.3d 887, 891 (7th Cir.1999).  As a preliminary

matter, the record evidence clearly shows that Plaintiff FMLA leave requests were

routinely approved.  As discussed above, even on the two occasions where Baker's

leave request was initially denied, Baker concedes that the Benefits office, together

with her supervisory personnel, ultimately worked the issues out so that Baker's

leave requests could be approved. Accordingly, Plaintiff's interference claim

necessarily fails on that basis alone because Plaintiff cannot establish that she was

denied any benefit.

## CONCLUSION

Because Plaintiff cannot establish each of the necessary elements required to make a *prima facie* showing of FMLA retaliation or establish FMLA interference, and because Defendant MARTA has set forth legitimate, non-discriminatory reasons for Plaintiff's termination which has not been rebutted by the Plaintiff, her case necessarily fails.   Defendant MARTA has shown the Court that there remains a complete lack of evidence sufficient to support Plaintiff's claims; and, moreover, that there is an absence of any genuine issue of *material* fact to be decided at trial. Accordingly, Defendant MARTA is entitled to summary judgment as a matter of law.  For each of the foregoing reasons and on each basis set forth above, Defendant MARTA hereby respectfully prays that the Court <u>grant</u> Defendant's Motion for Summary Judgment and dismiss Plaintiff's case, in its entirety, with prejudice.

Respectfully submitted, this <u>9th</u> day of May, 2016.

MOZLEY, FINLAYSON & LOGGINS, LLP

/s/Janine D. Willis

John R. Lowery
Georgia Bar No.  460175
Janine D. Willis
Georgia Bar No. 390356
*Counsel for Defendant MARTA*

One Premier Plaza
5605 Glenridge Drive, Suite 900
Atlanta, GA 30342
(404) 256-0700 telephone
(404) 250-9355 facsimile
jlowery@mfllaw.com
jwillis@mfllaw.com

<u>**CERTIFICATE OF COMPLIANCE**</u>

In accordance with Local Rule 7.1D, N.D.Ga., I hereby certify that I have

prepared the foregoing **MEMORANDUM OF LAW IN SUPPORT OF**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** using 14-point

Times New Roman font, as approved by the Court in Local Rule 5.1B, N.D.Ga.


This 9th day of May, 2016


/s/ Janine D. Willis

Janine D. Willis
Georgia Bar No. 390356

MOZLEY, FINLAYSON & LOGGINS, LLP
One Premier Plaza
5605 Glenridge Drive, Suite 900
Atlanta, GA 30342
(404) 256-0700 telephone
(404) 250-9355 facsimile
jlowery@mfllaw.com
jwillis@mfllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed a true and correct copy of the within and foregoing  **<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>** with the Clerk of Court using the CM/ECF system which will automatically deliver notice of such filing to all attorneys of record, as follows:

**Regina Molden, Esq.**
**Janne McKamey, Esq.**

This 9<u>th</u> day of May, 2016

/s/ Janine D. Willis
Janine D. Willis
Georgia Bar No. 390356

MOZLEY, FINLAYSON & LOGGINS, LLP
One Premier Plaza
5605 Glenridge Drive, Suite 900
Atlanta, GA 30342
(404) 256-0700 telephone
(404) 250-9355 facsimile
jlowery@mfllaw.com
jwillis@mfllaw.com